UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA ANN WHELAN,<br><br>Defendant. | Case No. 1:16-cr-00055-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Victoria Ann Whelan's Motion for Early Termination of Supervised Release (Dkt. 106). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On December 7, 2016, Ms. Whelan was sentenced to three years of probation for Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (*See* Dkt. 76.) After Ms. Whelan violated the conditions of her probation, her probation was revoked, and on April 27, 2017, she was sentenced to eighteen months of incarceration followed by three years of supervised release. (*See* Dkt. 98.) Ms. Whelan's supervised release term began on June 22, 2018,

MEMORANDUM DECISION AND ORDER - 1

meaning that as of this date, she has served more than two years of her three year supervised-release sentence.

On July 22, 2020, Ms. Whelan, through counsel, filed her motion for early termination of supervised release. (Dkt. 106.) The United State Probation Officer assigned to the case has indicated that she does not support the motion. The Government has not filed a response to the motion despite being directed to do so. (*See* Dkt. 107.)

## DISCUSSION

Because Ms. Whelan has served more than a year of supervised release, the Court may terminate supervised release if it determines that "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

**MEMORANDUM DECISION AND ORDER - 2**

and (a)(7).

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See* § 3583(e)(1). The Court acknowledges that Ms. Whelan has performed well on supervision, and she is to be commended for her work in maintaining her sobriety and being a devoted parent and caregiver to her severely disabled son. Her behavior does not, however, justify early termination. Performing well is what is expected of defendants on supervision. The probation officers are there to help defendants do precisely what Ms. Whelan has done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. The Court does not find that this case is an exception in that regard and will therefore deny the pending motion.

## ORDER

**IT IS ORDERED that** Defendant Victoria Ann Whelan's Motion for Early Termination of Supervised Release (Dkt. 106) **DENIED**.

DATED: December 23, 2020

_____
B. Lynn Winmill
U.S. District Court Judge